**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> CQC Impact Investors LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-10316-JKS |
| In re: <br><br> C-Quest Capital LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-10317-JKS |
| In re: <br><br> Transformation Advisory LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-10318-JKS |
| In re: <br><br> CQC Marketing LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-10319-JKS |
| In re: <br><br> C-Quest Capital Africa LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-10320-JKS |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER
PROVIDING FOR THE JOINT ADMINISTRATION OF CHAPTER 7 CASES**

George L. Miller, solely in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estates of the above-captioned debtors (collectively, the "Debtors"), hereby submits this Motion seeking entry of an order directing the joint administration of the above-captioned chapter 7 cases for procedural purposes only and granting related relief.  In support of this Motion, the Trustee relies on his Declaration in support of this Motion attached hereto as Exhibit A (the "Miller Declaration").  In further support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. The District of Delaware has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334, which has been referred to this Court pursuant to the Amended Standing Order of Reference of the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry by this Court of a final order in connection with this Motion.

2. The predicates for the relief requested herein are 11 U.S.C.§ 105(a), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1.

## BACKGROUND

3. On February 27, 2025 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  Prior to the Petition Date, the Debtors developed carbon reduction and clean energy projects.

4. On or about the Petition Date, George L. Miller was appointed as the Chapter 7 Trustee of the Debtors' estates.

5. The section 341(a) meeting of creditors is scheduled to be held on March 26, 2025.

**RELIEF REQUESTED**

6. By this Motion, the Trustee respectfully requests the entry of an order, substantially in the form attached hereto as <u>Exhibit B</u>, providing for the joint administration of the chapter 7 cases for procedural purposes only. The Trustee requests that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to CQC Impact Investors LLC, and that these chapter 7 cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re:                               | Chapter 7                            |
|--------------------------------------|--------------------------------------|
| CQC Impact Investors LLC, *et al.*,  | Case No. 25-10316-JKS                |
|                          Debtors.[1] | (Jointly Administered)               |

---

[1] The Debtors in these chapter 7 cases, and the last four digits of the federal tax identification numbers for the Debtor entities that have been assigned such numbers, are CQC Impact Investors LLC (6679), C-Quest Capital LLC (6686), Transformation Advisory LLC, CQC Marketing LLC, and C-Quest Capital Africa LLC.

7. The Trustee also requests that an entry be made on the docket of each of the Debtors' chapter 7 cases, other than CQC Impact Investors LLC, that is substantially similar to the following:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 7 cases commenced by CQC Impact Investors LLC and its affiliates, in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 25-10316 (JKS).

8. Further, the Trustee requests that the Court authorizes that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

## BASIS FOR RELIEF REQUESTED

9. Bankruptcy Rule 1015(b) provides, in relevant part, that "[t]he court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b)(1)(D); *see* 11 U.S.C. § 105(a) (authorizing the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."). Here, the Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Local Rule 1015-1 provides that "[t]he Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties." The Miller Declaration establishes that the joint administration of these chapter 7 cases is warranted because: (i) the Debtors are affiliates; and (ii) joint administration will ease the administrative burden on the Court and the parties.

11. The Trustee anticipates numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all the Debtors. The failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be wasteful and would unnecessarily overburden the Clerk of Court with the volume of paper.

12. Joint administration will permit the Clerk of Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective chapter 7 cases will be apprised of the various matters before the Court in each of the cases.

13. The Trustee requests that the official caption be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 6 of this Motion.

14. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of the chapter 7 cases by the Office of the United States Trustee also will be simplified.

## **REQUEST FOR IMMEDIATE ENTRY OF ORDER**

15. Pursuant to Local Rule 1015-1, the Trustee requests that the Court enter an order granting this Motion without a hearing. The Trustee will serve any order on this Motion upon the following parties or their counsel, if known: (i) the Office of the United States Trustee, (ii) counsel for the Debtors, and (iii) all parties who have requested to receive notices in these cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion has been made to this Court or any other Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit B: (i) authorizing the joint administration of the chapter 7 cases, and (ii) granting such other and further relief as is proper.

| | |
|---|---|
| Dated: March 11, 2025 | CHIPMAN BROWN CICERO & COLE, LLP |
| | */s/ Bryan J. Hall* |
| | David W. Carickhoff (No. 3715) |
| | Bryan J. Hall (No. 6285) |
| | Hercules Plaza |
| | 1313 N. Market Street, Suite 5400 |
| | Wilmington, Delaware 19801 |
| | (302) 295-0191 |
| | (302) 295-0199 (fax) |
| | carickhoff@chipmanbrown.com |
| | hall@chipmanbrown.com |
| | |
| | *Proposed Counsel to the Chapter 7 Trustee* |